[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

18-14807
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24275-FAM

INVERSIONES Y PROCESADORA TROPICAL INPROTSA, S.A.,
a Costa Rican Corporation,

Plaintiff-Appellant,

versus

DEL MONTE INTERNATIONAL GMBH,
a Swiss Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 5, 2019)

Before WILSON, NEWSOM and BLACK, Circuit Judges:

PER CURIAM:

Inversiones y Procesadora Tropical INPROTSA, S.A. (INPROTSA) appeals from the district court's order granting Del Monte International GmbH's (Del Monte), motion for attorney's fees. The district court awarded attorney's fees to Del Monte as sanctions under the standard set forth in *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913-914 (11th Cir. 2006) after INPROTSA filed a motion to vacate an arbitration award. *Hercules Steel* held that courts have inherent authority to sanction parties who pursue frivolous challenges to arbitration awards in the court system. *Id.* at 914. INPROTSA asserts the district court erred in granting Del Monte's motion for attorney's fees for two reasons: (1) the district court did not have subject-matter jurisdiction over the motion to vacate; and (2) the district court did not find INPROTSA acted in bad faith by filing the motion to vacate. After review, we affirm the district court.

## I. BACKGROUND

We recount the procedural history relevant to this appeal. Del Monte initiated an arbitration against INPROTSA in the International Court of Arbitration of the International Chamber of Commerce in Miami. The arbitration tribunal issued an award on June 10, 2016, ruling in favor of Del Monte on its claim that INPROTSA breached an agreement for the production, packaging, and sale of pineapples.

2

In September 2016, INPROTSA filed a petition to vacate the award in Florida's Eleventh Judicial Circuit. Del Monte then removed the petition to the United States District Court for the Southern District of Florida. Soon after, Del Monte filed a combined motion to dismiss the petition and cross-petition to confirm the award. INPROTSA, in turn, filed a motion to remand the proceeding to state court, contending the district court lacked subject-matter jurisdiction.

The district court granted Del Monte's motion to dismiss the petition to vacate and denied INPROTSA's motion to remand, reasoning that INPROTSA's petition to vacate—which was based on Florida law—failed to assert a valid defense under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention), as required by our opinion in *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998).

Del Monte then moved for attorney's fees under the court's inherent authority, claiming INPROTSA's grounds to seek vacatur were baseless and brought in bad faith. A magistrate judge recommended granting Del Monte's motion, determining that INPROTSA's petition to vacate lacked any real basis for vacatur, and "amount[ed] to little more than an assault on the Tribunal's factfinding and contractual interpretation rather than on its actual authority." The district court adopted the magistrate judge's report and recommendation, stating

3

"this Court is not charged with overseeing an appeal from an arbitration tribunal, which is what [INPROTSA] requested this Court do."

## II.  DISCUSSION

INPROTSA's first contention on appeal—that the district court lacked subject-matter jurisdiction over the motion to vacate the arbitration award, and thus also lacked subject-matter jurisdiction over this motion for attorney's fees—is foreclosed as it was rejected in our previous appeal in this case. *Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 921 F.3d 1291, 1300 (11th Cir. 2019).  The district court had subject-matter jurisdiction over the petition to vacate the award. *Id.*

Thus, we are left only with the question of whether the district court abused its discretion in awarding sanctions to Del Monte under the standard set forth in *Hercules Steel*.  *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1222 (11th Cir. 2017) (reviewing a sanctions order for an abuse of discretion).  *Hercules Steel* states:

> When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken.  Arbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases.  The more cases there are, like this one, in which the arbitrator is only the first step along the way, the less arbitration there will be.  If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.

*Hercules Steel*, 441 F.3d at 913.  To remedy this issue, we determined that "if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions." *Id.*

The district court did not abuse its discretion in awarding sanctions.  The *Hercules Steel* standard inherently includes a bad-faith finding because it requires finding that a party has attacked an arbitration award without any legal basis for doing so.  That is exactly what happened here.  INPROTSA attacked the award in court without any real legal basis for doing so, especially considering that INPROTSA failed to assert a valid defense under the Convention which it was required to do pursuant to *Industrial Risk*.  As the magistrate judge stated, INPROTSA's "challenge exemplifies the type of behavior that *Hercules Steel* sanctions are intended to prevent."  Thus, we affirm the district court.

**AFFIRMED.**